In the US District Court for the State of Oregon

Benjamin Jay Barber
V.
Unitus Community Credit Union,
Rebecca Rich, in her official capacity
as branch manager for Unitus
Unknown John Doe, in his official capacity as
bank teller for Unitus

Case No. 3:22-cv-00134-MO

Amended Verified Complaint
(Class Action Status Requested)
(Jury Trial Requested)

On December 21 2021 between the hours of 3:00pm and 5:00pm Benjamin Barber did visit the Westmoreland branch of Unitus Community Credit Union to open a checking account, with the purposes of depositing a class action settlement check issued pursuant to the settlement agreement in Great Northern Resources et al v. Katy Coba, et al case no 3:20-cv-0186-IM USDC D.Or

Upon the request to open an account, the plaintiff was told by the teller that he required 2 pieces of identification, that he could use government issued identification, and for the secondary identification he could use a bank card from a financial institution. The defendant was also told that he was required to have proof of address, in the form of a lease,or utility payment.

The plaintiff provided to the teller his (1) Oregon ID card (2) social security card (3) his Washington County Jail picture identification card (4) his Coinbase Visa card (5) his Paypal Cash card, whereupon the teller told the plaintiff that his identification was too new for proof of residence, and the plaintiff offered to locate his Century Link internet bill for proof of address. The teller also stated that his coinbase and paypal cash cards are not sufficient as identification.

Plaintiff informed the teller that he in fact used to be a customer of Unitus Community Credit Union, and that they could identify his identity with that information. Moreover, the check itself also bears his address, as further proof of residence, and that it was issued as a part of the Oregon "Black Only" COVID relief program lawsuit, to which he filed motions bearing his address and are public record.

Whereupon the plaintiff demanded to see a copy of the rules and regulations that the organization uses to verify identity, known hereafter as their "know your customer" (kyc) rules, a common regulatory phrase to embody the regulations in 31 CFR 1020.220. The teller stated that he didn't have any way for the plaintiff to see the unitus rules regarding opening accounts, and summoned a manager defendant Rebecca Rich.

Defendant Rich averred to the plaintiff that his coinbase and paypal cash cards are not appropriate as identification, because they do not have "know your customer" rules to which the Plaintiff responded that Coinbase does in fact have to verify those rules, as required by the securities and exchange commission to exchange cryptocurrencies to US dollars, and in fact has an office in Portland, Oregon,

Defendant Rich averred to the plaintiff that he in fact needed "3 forms of id" (exact citation), and including his State photo identification, because his state photo id was issued too recently. Defendant confirmed that they do not accept coinbase or paypal as financial institutions, even though she confirmed they are not "prepaid" cards and bear plaintiff's name, and that they do not recognize the Washington County Jail Inmate Card.

Defendant Rich averred to the plaintiff that they would not be able to use his previous account to verify his identity, because the account has been closed more than 3 years old.

Plaintiff requested the defendants confirm to him that with all of the objects that he listed herein, he would be unable to open an account with unitus, which they did confirm to the plaintiff.

Defendant Rich averred to the plaintiff that the company Unitus does not provide to the public, the rules and regulations regarding opening accounts with their organization, upon which the plaintiff stated that it was upon his information and belief, that such disclosures were in fact required and that the organization is likely violating Oregon's "Deceptive Trade Practices" laws for its failure to disclose that information.

Plaintiff averred that he would return the next day, to provide the rules and regulations, and that if there was no compliance with those regulations, that he would then see them in Multnomah County Circuit Court. After returning to his home he applied through the Unitus Website for a checking account, and was told that it would be processed in one day, and he would receive further information. Plaintiff visited the Unitus website, and nowhere did the any of these rules stated by the defendant appear, but rather the following text appears at https://www.unitusccu.com/business-checking/ archived at https://archive.md/1eYZh :

> "For each account owner and signer:
> 1. Primary form of ID, usually a valid driver's license with a current address. If address is not current, bring a document such as a utility bill showing your current address.
> 2. Secondary form of ID, usually a debit or credit card from another financial institution"

**Claim 1:** 12 CFR Part 55 Fair Access to Financial Services [Docket ID OCC-2020-0042] . 31 CFR § 1020.220(A)(5) - Customer identification program requirements for banks.

Plaintiff avers that the policy that the defendant told the plaintiff, was not published for notice to the public, before the plaintiff traveled to the bank to open the account, in violation of the federal regulation obligating the defendant to do so. Moreover that the bank failed its obligation to:
> "address situations where an individual is unable to present an unexpired government-issued identification document that bears a photograph or similar safeguard; the bank is not familiar with the documents presented; the account is opened without obtaining documents; the customer opens the account without appearing in person at

the bank; and where the bank is otherwise presented with circumstances that increase the risk that the bank will be unable to verify the true identity of a customer through documents."

...

"through the comparison of information provided by the customer with information obtained from a consumer reporting agency, public database, or other source; checking references with other financial institutions; and obtaining a financial statement."

Moreover that the bank is required by the OCC pursuant to 12 USC 1(a), to provide fair access to financial services, which the organization failed to do, as stated in the official rule making it must:

(1) Make each financial service it offers available to all persons in the geographic market served by the covered bank on proportionally equal terms;

(2) Not deny any person a financial service the covered bank offers unless the denial is justified by such person's quantified and documented failure to meet quantitative, impartial risk-based standards established in advance by the covered bank; and

(3) Not deny, in coordination with others, any person a financial service the covered bank offers

There is no right of private enforcement provided for enforcement of this provision, though the violation thereof is offered as proof of claims below.

**Claim 2:** Equal Credit Opportunity Act  15 U.S.C. § 1691e(b), 12 C.F.R. § 1002.16, 42, Discrimination U.S.C. § 2000a, ORS 659A.403

Plaintiff avers that being unable to even open a bank account, due to the denial of services from the defendant Rebecca Rich, also precludes the plaintiff from also being able to request credit services from defendant's business Unitus. Plaintiff avers that the denial was not proximately related to any financial risk, because Mrs. Rich did not know the status of his finances. Instead the Plaintiff avers that the Mrs. Rich used arbitrary rules which were not a part of their official business policy, to discriminate on the basis of the plaintiff's disability, race, or source of public assistance (the coronavirus check).

Evidence of Discrimination, is the way in which the plaintiff was treated compared to similarly situated individuals, and compared to how he was treated before when he was a customer. Moreover the demeanor in which he was treated, leads him to believe that there was some animus, because of her use of arbitrary, unlawful, and undocumented rules.

**Claim 3:** ORS 659A.343 Discrimination based on individual's presentation of identification other than Real ID prohibited

Plaintiff avers that the defendant intentionally discriminated, based on the plaintiffs production of his state ID which is not a Real ID, and his Washington County Jail Inmate identification card.

**Claim 4**: ORS 646.607(1) Unlawful business trade practices

Plaintiff avers that the defendant employed unconscionable tactics, by relying on a set of secret and allegedly unpublished rules, which could alternatively be used to disguise or employ unlawful discrimination.

Plaintiff avers that the defendant employed unconscionable tactics, by fabricating a set of rules which are contradicted by the rules published on their website.

**Claim 5:** ORS 646.608(k) Makes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred.

Plaintiff avers that the defendant made false or misleading representations, about the eligibility of the plaintiff for credit through the bank, by misrepresenting that there were rules that actually did not exist, or were not advertised, or that were not legal.

**Claim 6:** ORS 646.608(u) Engages in any other unfair or deceptive conduct in trade or commerce.

Plaintiff avers that the defendant was either unfair or deceptive, because the defendant implemented rules that were not published, thus violating federal regulations.

Plaintiff further avers the specific rule even implemented with proper notice, is unfair because it does not represent a legitimate business need, legally unnecessary, not the least restrictive means, and overly burdensome to the customers with disabilities, creating a disparate impact upon them.

**Claim 7:** ORS 401.965 Abnormal disruption of market

Plaintiff avers that banking is an essential good, that there is an abnormal disruption in the market due to COVID, and that the costs imposed by the defendant upon plaintiffs and other similarly situation to plaintiff, are excessive and prohibit the payment of COVID relief funds to persons financially affected by COVID, and that the Governor has declared a state of emergency and disruption of markets due to COVID which are mandated by the state.

**Claim 8:** ORS 30.860 Action for trade discrimination

Plaintiff avers that the Defendant discriminated against the plaintiff, because the plaintiff disclosed to the defendant that he participated in civil rights litigation, regarding the "black only"

covid relief fund, by informing the plaintiff that he would require 3 forms of identification. Therefore the plaintiff is entitled to threefold the damages sustained.

Plaintiff avers that the defendant was aware that the check were the proceeds of a lawsuit regarding the "black only" coronavirus fund, and upon information and belief that the proceeds from such lawsuit disgusted the defendant

Plaintiff avers upon information and belief that the defendant was visibly disgusted by his immutable and protected characteristics given her facial and body language, and the disparate treatment that he received as opposed to other members of the public.

**Claim 10**: ORS 646.080 Special services to customers

The plaintiff avers that the defendant treated him to extraneous regulation, that is not applied to any other person, and therefore singled him out for special treatment in violation of the statute, based on information and belief that both him and his ex wife had previously been customers of Unitus, and that the typical person is not required to present 3 different forms of identification.

**Claim 11**: Intentional or negligent Interference with Business Relations (common law tort)

Plaintiff avers that the defendant either intentionally or negligently interfered with the Business relationship between the plaintiff and Unitus, and with the court appointed settlement administrator, and with the company Coinbase, either for improper purposes and motives or for a lack of using due care.

## Prayer for Relief

Plaintiff seeks declaratory judgment that the defendant could have in fact followed the "know their customer" rules, given the documentary evidence both provided by the defendant, and by the methods used in the federal regulations 31 CFR § 1020.220(a)(2)(ii)(B)
    "through the comparison of information provided by the customer with information obtained from a consumer reporting agency, public database, or other source; checking references with other financial institutions; and obtaining a financial statement."

Plaintiff seeks declaratory judgment that the defendant failed its obligation to:
    "address situations where an individual is unable to present an unexpired government-issued identification document that bears a photograph or similar safeguard; the bank is not familiar with the documents presented; the account is opened without obtaining documents; the customer opens the account without appearing in person at the bank; and where the bank is otherwise presented with circumstances that increase the risk that the bank will be unable to verify the true identity of a customer through documents."

Plaintiff seeks declaratory judgment that the defendant failed its obligations to:

"describes the identification requirements of this section and provides the notice in a manner reasonably designed to ensure that a customer is able to view the notice, or is otherwise given notice, before opening an account"

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with reckless disregard for the truth, misrepresented the duration that bank records are retained for.

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with reckless disregard for the truth, misrepresented her ability to verify the plaintiffs identity, using the coinbase and paypal cash accounts.

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with reckless disregard for the truth, misrepresented her ability to verify the identity of the plaintiff, using state issued photo ID's that were recently issued to him.

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with reckless disregard for the truth, misrepresented her ability to verify the identity of the plaintiff, using the Washington County Jail ID that was issued to him.

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with reckless disregard for the truth, misrepresented that the defendant would require 3 forms of ID including the state IDs to identify himself to the company.

Plaintiff seeks declaratory judgment that defendant Rich intentionally or with willful blindness, failed to disclose to the plaintiff, that there were other available methods that they could verify his identity to the company.

Plaintiff seeks declaratory judgment regarding application of these and other facts uncovered through discovery and trial as decided by the jury, in application to the laws cited in the claims.

Plaintiff requests damages for the expiration of the $1000 check, which occurred on May 28th 2022.

Plaintiff requests trebled (tripled) the actual damages where available in statute.

Plaintiff requests unspecified punitive damages for the plaintiffs time and expense prosecuting the suit, and redressing the injury done by the defendants actions or omissions, including punitive damages to the emotional distress from being unlawfully discriminated against.

Plaintiff requests prejudgement interest and whatever other remedies the court deems the plaintiff is entitled to and is just.

/s/
Benjamin Barber

In the US District Court for the State of Oregon

Benjamin Jay Barber
V.                                                    Case No.  3:22-cv-00134-MO
Unitus Community Credit Union,
Rebecca Rich, in her official capacity
as branch manager for Unitus                          **Certificate of Service**
Unknown John Doe, in his official capacity as
bank teller for Unitus

**Certificate of Service**

On June 28th 2022 the defendant had the amended complaint served on the company Unitus
Community Credit Union by Multnomah County Sheriff's Department civil service, at the
following address.

Unitus Westmoreland Branch
1615 SE Bybee Blvd,
Portland, OR 97202

Date June 27th 2022
/s/ Benjamin Barber.



**Multnomah County Sheriff's Office**

**CIVIL PROCESS UNIT**

MCSO Case No. _____  Date 06/27/20 22

Name: Benjamin Barber

Address: 10043 SE 32nd Ave

City: Milwaukie   State: OR   Zip: 97222

| | Amount |
|---|---|
| Court Case No. 3:22-CV-00134-MO | $50⁰⁰ |
| Type of Process Amend Complaint | |
| Execution | |
| Misc. Fees | |
| Barber v Unitus | |
| PLAINTIFF          DEFENDANT | |
| Amount Due | $50⁰⁰ |
| Check # Cash          Total Received | $50⁰⁰ |

No. C 05949   Rec'd By McDLJ, 93198
                      Member Name          BPST

97 PS 331 B