In the US District Court for the State of Oregon

Benjamin Jay Barber
V.
Unitus Community Credit Union,
Rebecca Rich, in her official capacity
as branch manager for Unitus
Unknown John Doe, in his official capacity as
bank teller for Unitus

Case No. 3:22-cv-00134-MO

Motion to Amend the Complaint.

    The plaintiff asks the court not to grant a motion to amend the complaint, given that the plaintiff has spent some additional time doing research into both the law and the legal practices of the defendant. The plaintiff would like to amend the complaint, to add a cause of action based on 42 U.S.C. § 1981 and 18 U.S.C. § 1346, and clarify the regulations that apply to credit unions rather than banks, and add factual details about his subsequent attempts to open a bank account with Unitus after the initial attempt with Defendant Rich, and add factual details regarding the discriminatory business practices and policies of Unitus Community Credit Union.

    The plaintiff offered to settle the action, if the defendant would allow him to open a bank account, and work with the settlement administrator for the Great Northern Resources et al v. Katy Coba case, so that he could get a replacement check issued, or alternatively compensation if the settlement administrator was unable to issue a new check. However the defendant refused to offer the settle the action, and so the defendant sought evidence to bolster his claims of discrimination.

    This action arose when the plaintiff tried to open a bank account with Unitus Community Credit Union, to cash a check that was issued to him due to a judgment with this court, regarding a class action settlement pertaining to the State of Oregon "black only" coronavirus fund. The plaintiff had reason to believe that his treatment by defendant Rebecca Rich, which was contrary to the published procedures by the bank, and when he was previously a customer of Unitus, were based on some animus by Rebecca Rich.

    Subsequently the plaintiff performed his own research into the business practices of Unitus, after the defendant refused to provide the plaintiff with his request for discovery information, specifically for what identifiable information the bank had on the plaintiff, from when the plaintiff had a bank account with Unitus. This is based on the theory that when the plaintiff

asked defendant rich to use his previous account information, claiming that they do not keep such records, and they therefore could not verify my records from Unitus, was also a lie by defendant Rich.

Defendant's counsel averred to plaintiff, that the bank had no obligation to make any of these efforts to verify his identity, and that they do not ordinarily do not do so. However the defendant Unitus entered into an agreement with several other credit unions and the Urban League of Portland, to create the "Financial Empowerment Collaborative" which offers services only to black individuals.

> "The FEC's approach will focus on addressing Black Oregonians' unique needs, so they can gain access to supportive products, services, education, and financial tools. The program will include customized financial education and coaching, case management, and an environment where participants can easily access needed credit union products and services."
> https://nwcua.org/2021/11/09/urban-league-partners-with-five-portland-cus-to-advance-financial-well-being-of-black-oregonians/

Moreover the defendant engages in the same activities that led to the lawsuit between the plaintiff and the State of Oregon, with regards to "black only" welfare programs. They created an app, for only black Oregonians using money that came from the US government, "to provide financial products, services, and educational materials to Black Oregonians". The defendant Unitus also provided money to a group to "Brown Hope" for their "black resilience fund", whose singular purpose is to give free money only to black individuals, and the defendant has had a series of legal disputes with the founder of the organization Mr. Cameron Whitten since 2019, with whom he was previously friends with while they were in college. https://www.unitusccu.com/assets/uploads/Unitus-CCU-and-FTSI-Collaborate-on-App-for-Black-Oregonians.pdf

The plaintiff believes that when he told defendant Rich, that the check was a "government check", issued for a class action settlement based on the "black only" coronavirus funds issued by the State of Oregon, that the defendant may have been motivated by ideological opposition to the goals of the plaintiff to eliminate affirmative action discrimination, being that they are engaged in those activities themselves. Otherwise he maintains that the gunshot wound to the face, and apparent state of poverty derived from his multiple disabilities, may have led to the adverse decision.

The plaintiff believes that the motivation behind the actions of the defendants, may also be that government agencies, such as the national credit union association and the Treasury Department, is conferring benefits to the defendants based on the racial composition of its members, and actions that the credit union engages in, based on government policy documents found on their website. That these benefits are the basis of either a disparate treatment claim on behalf of Unitus, or a disparate impact claim on the basis of the government agencies.

For example the Treasury Department's Emergency Capital Investment Program using the COVID relief funds, offers funds to credit unions as long as the credit union is lending at least 30% of the income to "low to moderate income" individuals, and to members of "other targeted population", defined as "Black Americans, Hispanics, Native Americans, Native Alaskans residing in Alaska, Native Hawaiians residing in Hawaii, and Other Pacific Islanders residing in Other Pacific Islands. Asian Americans"
https://home.treasury.gov/system/files/136/ECIP-Application-Materials.pdf

Another example is that the NCUA creates a different set of financial risk evaluations of "key financial indicators" and money grants based on balance statements to "minority depository institutions", defined by having at least 50% "Black American, Asian American, Hispanic American, or Native American." It also administers the "ACCESS" program "Advancing Communities through Credit, Education, Stability and Support" and the "Community Development Revolving Loan Fund Access for Credit Unions" which exist "to increase access to financial products and services in underserved communities." which is defined by "New or expanded financial products or services, such as developing and implementing a new product or program tailored to underserved and minority groups"
https://public-inspection.federalregister.gov/2021-07085.pdf
https://www.ncua.gov/support-services/access

Plaintiffs position is that based on his education in artificial intelligence systems, that agent based intelligences operate on a hierarchical regulatory control scheme, whereby the higher orders control the decision boundaries of the agents that they regulate, even if those lower levels have some ability of autonomy. Think for example how cells are regulated by the body, and in turn how bodies are regulated by society. That even if the federal government did not mandate discrimination against the defendant individually, that it supports a claim of disparate impact discrimination. Due to the regulated agents seeking to maximize their own

fitness as perceived by the agencies themselves, such as when they submit their "diversity self assessment" form to the NCUA, which includes "making the commitment to develop new products and services aimed at addressing the needs of communities of color". https://www.ncua.gov/newsroom/press-release/2022/ncua-extends-credit-union-diversity-self-assessment-deadline-jan-31

Thus the defendant believes that he has claims that he can make pursuant to 42 U.S.C. § 1981 which protects the rights of individuals to make contracts without discrimination on the basis of race. Moreover he believes that he is being deprived of honest services, because he was deprived of money and services, so that Unitus could receive benefits based on the racial composition of its members, see the figure below.



Date  Oct 24, 2022                                                   /S/ Benjamin Barber

In the US District Court for the State of Oregon

Benjamin Jay Barber
V.
Unitus Community Credit Union,
Rebecca Rich, in her official capacity
as branch manager for Unitus
Unknown John Doe, in his official capacity as
bank teller for Unitus

Case No. 3:22-cv-00134-MO

Certificate of Service

On October 24th the plaintiff sent a copy of the motion to amend, and the motion to extend time, to the defendant by US mail first class to the address as follows.

FARLEIGH WADA WITT
121 SW Morrison Street, Suite 600
Portland, Oregon 97204
503.228.6044 • www.fwwlaw.com

10/24/2022

*[signature: B. Barber]*