Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN JAY BARBER,<br><br>         Plaintiff,<br><br>  v.<br><br>UNITUS COMMUNITY CREDIT UNION, REBECCA RICH, and JOHN DOE,<br><br>         Defendants. | Case No. 3:22-cv-00134-MO<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT |

Defendants Unitus Community Credit Union ("Unitus" or "Credit Union") and Rebecca Rich ("Rich") (collectively, "Defendants") submit the following response to plaintiff Benjamin Jay Barber's ("Barber" or "Plaintiff") Motion to Amend the Complaint (Dkt. No. 30).

**I. Introduction.**

On or about January 25, 2022, Barber, *pro se*, filed his initial Complaint in this matter. On or about June 27, 2022, Barber filed an Amended Complaint on behalf of himself (and purports to seek to represent a class action) against the Credit Union and one of its branch managers (and an unnamed teller) based on allegations that he was not allowed to open a new checking account at the Credit Union in order to deposit a class action settlement distribution check because he did not present sufficient identification and proof of residence.

However, Plaintiffs' Amended Complaint fails to allege sufficient factual allegations to state a claim upon which relief may be granted against Defendants. Accordingly, on October 12, 2022, Defendants timely filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), which is currently pending. (Dkt. No. 27.)

Plaintiff has now filed a Motion to Amend, stating that he has now "spent some additional time doing research as to both the law and the legal practices" of the Credit Union. Motion to Amend, p. 1 (Dkt. No. 30 at 1). However, Plaintiff's Motion to Amend only demonstrates the futility of his proposed amendments.

Plaintiff also failed to follow the Local Rules by failing to attach a copy of the proposed amended pleading as an exhibit to the motion. *See* LR 15-1(d).

Based on Plaintiff's motion, Plaintiff is purportedly seeking "to add a cause of action under 42 U.S.C. § 1981 and 18 U.S.C. § 1346, and clarify the regulations that apply to credit unions rather than banks, and add" additional factual allegations regarding Plaintiff's alleged "subsequent attempts to open a bank account with Unitus" and regarding Unitus' allegedly discriminatory business practices and policies. *Id.* However, Plaintiff's Motion to Amend should be denied because the additional claim(s) and allegations that Plaintiff seeks to add would be futile.

## II. Legal Argument.

### A. Motion to Amend Standard.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "A district court, however, may, within its discretion, deny a motion to amend 'due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-

1035-SI, 2022 WL 4466881, at *2 (D. Or. Sept. 26, 2022) (*quoting Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation omitted)).

"Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal." *Id.* (*citing Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). An amendment is futile "'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Id.* (*quoting Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"). "The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" *Id.* (*citing Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019)).

**B.  Plaintiff's Proposed Claim Under 18 U.S.C. § 1346 Would Be Futile.**

Plaintiff proposes to add a "cause of action based on" 18 U.S.C. § 1346. See Motion to Amend, p. 1 (Dkt. No. 30 at 1). However, that statutory provision simply provides the definition of "scheme or artifice to defraud" for purposes of certain crimes and criminal procedure (involving mail fraud and other fraud crimes). It does not provide a valid basis for a civil claim by Plaintiff against the Credit Union or its employee(s).

Therefore, amending the Amended Complaint to add a cause of action based on 18 U.S.C. § 1346, as well as the "Honest Services Fraud" figure and related proposed allegations, would be futile.

**C.  Plaintiff's Proposed Claim Under 42 U.S.C. § 1981 Would Be Futile.**

Plaintiff also proposes to add a "cause of action based on 42 U.S.C. § 1981[.]" See Motion to Amend, p. 1 (Dkt. No. 30 at 1). However, the additional allegations in Plaintiff's Motion to Amend shows that Plaintiff cannot meet the but-for causation requirement of a Section

1981 claim.

42 U.S.C. § 1981 "guarantees, among other things, '[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Comcast Corp. v. Nat'l Assoc. of African-American-Owned Media*, 140 S.Ct. 1009, 1013 (2020). Section 1981 "requires a showing of intentional discrimination based on race." *Takieh v. Banner Health*, No. 21-15326, 2022 WL 474170, at *1 (9th Cir. Feb. 16, 2022), *cert. denied*, No. 21-1597, 2022 WL 4652174 (U.S. Oct. 3, 2022) (*citing Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989)). "Under *Comcast*, race must be a but-for cause of a § 1981 plaintiff's injury." *Id*. (*citing Comcast*, 140 S. Ct. at 1013, 1019 (vacating the Ninth Circuit's ruling that a § 1981 plaintiff need only "plead facts plausibly showing that race played 'some role' in the defendant's decisionmaking process") (citation omitted)).

Here, in Plaintiff's Motion to Amend, Plaintiff proposes to assert only that Unitus "may have been motivated by ideological opposition to the goals of the plaintiff to eliminate affirmative action discrimination" . . . or "[o]therwise . . . that the gunshot wound to his face, and apparent state of poverty derived from his multiple disabilities, may have led to the adverse decision." Motion to Amend, p. 2 (Dkt. No. 30 at 2). These allegations do not meet the "but-for" cause of a §1981 plaintiff's injury as a matter of law.

Moreover, the additional alleged "facts" that Plaintiff seeks to add to support an argument that Unitus' policies or practices had a "disparate impact" on Plaintiff as a white customer does not help him state a claim for violation of Section 1981 because "disparate impact claims are not actionable under section 1981." *Pollard v. Wawa Food Market*, 366 F.Supp.2d 247, 252 (E.D. Pa. 2005); *see also Escandon v. Los Angeles County*, 584 Fed. App'x 517, 519 (9th Cir. 2014) (affirming dismissal of a pro se plaintiff's section 1981 claim under a disparate impact theory because "claims under section 1981 require proof of intentional discrimination").

Therefore, Plaintiff's Section 1981 claim would be subject to immediate dismissal and is futile.

**D.  Plaintiff Cannot Allege Any Regulations Applicable to Credit Unions That Would Prevent His First Claim for Relief from Being Dismissed.**

Plaintiff states in his Motion to Amend that he seeks to "clarify the regulations that apply to credit unions rather than banks[.]" *See* Motion to Amend, p. 1 (Dkt. No. 30 at 1). Plaintiff has not specified in his motion what regulations he seeks to clarify. However, regardless of what regulations he is referring to, there is no private right of action under the Bank Secrecy Act, the USA PATRIOT Act, or **any** regulation passed in accordance therewith. *See* Defendants' Motion to Dismiss, p. 5–8 (Dkt. No. 27 at 5–8). Therefore, Plaintiff cannot prevent his claim arising from customer identification program requirements from being dismissed by "clarifying" any regulations.

**E.  None of the Additional Proposed Alleged Facts Would Prevent Dismissal of Plaintiff's Claims.**

Plaintiff also seeks to add alleged "facts" regarding settlement discussions after this litigation was filed. See Motion to Amend, p. 1 (Dkt. No. 30 at 1). Settlement discussions are not admissible and would be subject to being stricken from any pleading. *See* Fed. R. Evid. 408(a). Therefore, amending the Amended Complaint to include such improper material would be futile.

**III.  Conclusion.**

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint should be denied.

DATED: November 7, 2022.              FARLEIGH WADA WITT

By: *Trish A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1388 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 7th day of November, 2022.

FARLEIGH WADA WITT

By: *[signature]*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Benjamin Jay Barber
10043 SE 32nd Avenue
Milwaukie, OR 97222

Plaintiff *pro se*

FARLEIGH WADA WITT

By: _____
Trish A. Walsh, OSB #101604
Attorneys for Defendants
121 SW Morrison St., Suite 600
Portland, Oregon 97204
(503) 228-6044
twalsh@fwwlaw.com

Page 1 – CERTIFICATE OF SERVICE