FILED 09 NOV '22 14:19 USDC-ORP

In the US District Court for the State of Oregon

Benjamin Jay Barber
V.
Unitus Community Credit Union,
Rebecca Rich, in her official capacity
as branch manager for Unitus
Unknown John Doe, in his official capacity as
bank teller for Unitus

Case No. 3:22-cv-00134-MO

Response to the motion to dismiss
(Oral arguments requested)

    The defendant's motion to dismiss appears to be mostly procedural, claiming that the plaintiff did not adequately allege federal jurisdiction. In response the plaintiff offered a motion to amend the complaint, and has provided a proposed amended complaint, which fixes the problems mentioned in the motion to dismiss. While in the process of researching these issues, the plaintiff also became aware that the problems were much larger than at first glance, and that the discrimination was done in concert with state action. Specifically, the US Treasury, the National Credit Union Association, created official policies to provide benefits to organizations that discriminate on the basis of race, in the provision of financial services. Moreover that the defendants engaged other organizations, as a matter of official policy, to assist it with discriminating on the basis of race.

    Moreover, there is no reason why the plaintiff should have to exhaust remedies with the EEOC as observed in <u>McInerney v. Rensselaer Polytechnic Institute, 505 F. 3d 135, 139 - Court of Appeals, 2nd Circuit 2007</u>

    "There is good reason to conclude that Congress intentionally omitted the exhaustion requirement for public-accommodations claims, as it would make little sense to require a plaintiff challenging discrimination in public accommodations to file a charge with the EEOC, an agency with responsibility for and expertise in matters of employment discrimination."

    Nonetheless, there is also no exhaustion requirement under 42 USC 1981, and the facts of this case as alleged in the original and the proposed amended complaint, are actionable under 42 USC 1981.

    Plaintiff also wishes to incorporate by reference, the proposed amended complaint, the motion to amend, the motion to extend time, and the motion to appoint pro bono lawyer, to provide the sufficient factual and legal basis to deny the motion to dismiss.

Date  Nov 9, 2022                                                                                       /s/  Benjamin Barber

## Certificate of Service

On 11/9/2022 the plaintiff served a copy of the Response to the motion to dismiss, the proposed amended complaint, the motion to appoint pro-bono counsel, onto the defendants by US Mail first class and by Email.

FARLEIGH WADA WITT
121 SW Morrison Street, Suite 600
Portland, Oregon 97204
503.228.6044 • www.fwwlaw.com

Date  Nov 9, 2022                                           /s/ Benjamin Barber