Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN JAY BARBER,<br><br>       Plaintiff,<br><br>v.<br><br>UNITUS COMMUNITY CREDIT UNION, REBECCA RICH, and JOHN DOE,<br><br>       Defendants. | Case No. 3:22-cv-00134-MO<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

Defendants Unitus Community Credit Union ("Unitus" or "Credit Union") and Rebecca Rich ("Rich") (collectively, "Defendants") submit the following Reply to plaintiff Benjamin Jay Barber's ("Barber" or "Plaintiff") Response to Defendants' Motion to Dismiss (Dkt. No. 33).

I. **Introduction.**

Plaintiff's short response brief (which purports to "incorporate by reference" his proposed second amended complaint (Dkt. No. 35), his motion to amend the complaint (Dkt. No. 30), as well as other motions that he has filed in this case) does not provide any basis for the court to deny Defendants' Motion to Dismiss (Dkt. No. 27). Instead, his response and proposed second amended complaint only emphasize why the Court should dismiss Plaintiff's Amended

Complaint with prejudice, as the proposed amendments would be futile.

## II. Plaintiff Has Not Articulated Any Valid Basis to Deny the Motion to Dismiss.

Plaintiff has not articulated in his response any valid reason to deny Defendants' Motion to Dismiss.

Plaintiff argues that there is no reason why he should have to exhaust remedies with the EEOC. *See* Response, p. 1 (Dkt. No. 33 at 1). In particular, in Defendants' Motion to Dismiss, Defendants pointed out that, to the extent that Plaintiff's "Claim 2" was based on an alleged violation of 42 U.S.C. § 2000a, the Amended Complaint fails to state a claim because Plaintiff failed to exhaust administrative remedies as required under that statute. *See* 42 U.S.C. § 2000a-3(c); *see also* Motion, pp. 10–12 (Dkt. No. 27 at 10–12). In his response, Plaintiff quotes from an inapposite case, *McInerney v. Rensselaer Polytechnic Institute*, 505 F.3d 135, 138–39 (2d Cir. 2007), which does not assist Plaintiff because that case did not involve claims brought under 42 U.S.C § 2000a but instead involved a different federal statute, the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq. See id.* at 137.

Plaintiff also argues that there is no exhaustion requirement under 42 U.S.C. § 1981. However, Plaintiff's Amended Complaint does not contain a Section 1981 claim. Although Plaintiff seeks to amend his Amended Complaint to add one, doing so would be futile, as set forth in Defendants' response to Plaintiff's Motion to Amend and as discussed below in Section III.D.

Plaintiff does not offer any other reasons why his operative Amended Complaint should not be dismissed, but argues only that his proposed second amended complaint would "fix the problems mentioned in the motion to dismiss." *See* Response, p. 1 (Dkt. No. 33 at 1.) As discussed below and in Defendants' response to Plaintiff's Motion to Amend, Plaintiff's proposed additional amendments would be futile and should not be allowed.

## III. Granting Defendants' Motion to Dismiss Without Further Leave to Amend Is Appropriate Because Plaintiff's Proposed Amendments Would Be Futile.

Granting Defendants' Motion to Dismiss without granting Plaintiff further leave to amend is appropriate here, because Plaintiff's proposed amendments, as shown in his proposed second amended complaint, would be futile. Defendants have already responded to Plaintiff's motion to amend, but thereafter, Plaintiff filed a proposed second amended complaint (Dkt. No. 35). Therefore, Defendants will briefly discuss below the futility of the proposed amendments.

### A. Adding Other Defendants Would Be Futile.

Plaintiff asserts in his Response that "the US Treasury, the National Credit Union Association, created official policies to provide benefits to organizations that discriminate on the basis of race, in the provision of financial services." Response, p. 1 (Dkt. No. 33 at 1). Plaintiff also seeks to add allegations in his proposed second amended complaint regarding other entities including the Office of the Comptroller of Currency; Inclusiv; Credit Union Diversity, Equity and Inclusion Collective; Urban League of Portland; and Brown Hope. See Proposed Am. Compl., p 4 (Dkt. No. 35 at 4). However, none of Plaintiff's allegations against those other entities state a claim for relief against Defendants.

### B. Adding a Fourteenth Amendment Claim Would Be Futile.

Plaintiff appears to also seek to add a Fourteenth Amendment claim to his "Claim 2" and "Claim 3." See Proposed Am. Compl., pp. 5. 8 (Dkt. No. 35 at 5, 8). However, Plaintiff cannot bring a Fourteenth Amendment claim against Defendants (a credit union and its employee), as they are not state actors. See *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as "state action."). Therefore, Plaintiff's proposed amendment to add a Fourteenth Amendment claim against Defendants would be futile.

/ / /

Page 3 -   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

P:\DOCS\UCCU\27129\PLDG\41V3015.DOC

C.  **Plaintiff's Proposed Claim 3 Under 18 U.S.C. § 1346 Would Be Futile.**

Plaintiff also proposes to add a "cause of action based on" 18 U.S.C. § 1346, and has added that statute to his "Claim 3" in his proposed second amended complaint. See Motion to Amend, p. 1 (Dkt. No. 30 at 1; Dkt. No. 35 at 8). However, that statutory provision simply provides the definition of "scheme or artifice to defraud" for purposes of certain crimes and criminal procedure (involving mail fraud and other fraud crimes). It does not provide a valid basis for a civil claim by Plaintiff against the Credit Union or its employee(s).

Therefore, amending the Amended Complaint to add a cause of action based on 18 U.S.C. § 1346 would be futile.

D.  **Plaintiff's Proposed Claims 2 and 3 Under 42 U.S.C. § 1981 Would Be Futile.**

Plaintiff also proposes to add a "cause of action based on 42 U.S.C. § 1981" and has added that statute to his Claims 2 and 3 in his proposed second amended complaint. See Motion to Amend, p. 1 (Dkt. No. 30 at 1; Dkt. No. 35 at 5, 8). However, the additional allegations in Plaintiff's Motion to Amend and in his proposed amendment shows that Plaintiff cannot meet the but-for causation requirement of a Section 1981 claim.

42 U.S.C. § 1981 "guarantees, among other things, '[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Comcast Corp. v. Nat'l Assoc. of African-American-Owned Media*, 140 S.Ct. 1009, 1013 (2020). Section 1981 "requires a showing of intentional discrimination based on race." *Takieh v. Banner Health*, No. 21-15326, 2022 WL 474170, at *1 (9th Cir. Feb. 16, 2022), *cert. denied*, No. 21-1597, 2022 WL 4652174 (U.S. Oct. 3, 2022) (*citing Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989)). "Under *Comcast*, race must be a but-for cause of a § 1981 plaintiff's injury." *Id.* (*citing Comcast*, 140 S. Ct. at 1013, 1019 (vacating the Ninth Circuit's ruling that a § 1981 plaintiff need only "plead facts plausibly showing that race played 'some role' in the defendant's decisionmaking process") (citation omitted)).

Here, in Plaintiff's Motion to Amend, Plaintiff proposes to assert only that Unitus

"may have been motivated by ideological opposition to the goals of the plaintiff to eliminate affirmative action discrimination" . . . or "[o]therwise . . . that the gunshot wound to his face, and apparent state of poverty derived from his multiple disabilities, may have led to the adverse decision." Motion to Amend, p. 2 (Dkt. No. 30 at 2). In his proposed second amended complaint, Plaintiff seeks to add allegations that "Plaintiff is also disfigured, and also disabled, and this disfigurement is a source of discrimination among many people in the community, and that may have been a motivation of defendant Rich." (Dkt. No. 35 at 8.) These allegations do not meet the "but-for race" cause of a §1981 plaintiff's injury as a matter of law.

Moreover, the additional alleged "facts" that Plaintiff seeks to add to support an argument that Unitus' policies or practices had a "disparate impact" on Plaintiff as a white customer does not help him state a claim for violation of Section 1981 because "disparate impact claims are not actionable under section 1981." *Pollard v. Wawa Food Market*, 366 F.Supp.2d 247, 252 (E.D. Pa. 2005); *see also Escandon v. Los Angeles County*, 584 Fed. App'x 517, 519 (9th Cir. 2014) (affirming dismissal of a pro se plaintiff's section 1981 claim under a disparate impact theory because "claims under section 1981 require proof of intentional discrimination").

Therefore, Plaintiff's Section 1981 claim would be subject to immediate dismissal and is futile.

E. **Plaintiff's Proposed Claim 3 Under 31 U.S.C. § 3730 and 18 U.S.C. § 1964 Would Be Futile.**

Plaintiff's proposed Claim 3 in his proposed second amended complaint also contains references to 31 U.S.C. § 3730 (civil action for false claims) and 18 U.S.C. § 1964 (Civil RICO). (Dkt. No. 35 at 8.) However, the addition of either of those claims would be futile.

Plaintiff did not follow the required procedures to bring a claim under 31 U.S.C. § 3730. Under that statute, a person may bring a civil action for a violation of section 3729 for the person and the United States Government. The action must be brought in the name of the Government. Under subsection (b)(2), a copy of the complaint and written disclosure of

substantially all material evidence and information the person possesses must be served on the Government; filed in camera; remain under seal for at least 60 days; not be served on the defendant until the court so orders, etc. See 31 U.S.C. § 3730(b)(2). Plaintiff has not alleged compliance with, and apparently did not follow, these procedures in attempting to bring this claim against Defendants. Moreover, Plaintiff has not plausibly alleged that the Credit Union committed any of the acts for which a false claims action can be brought, as listed in 31 U.S.C. § 3729(a)(1).

Plaintiff's proposed claim against Defendants under 18 U.S.C. § 1964 would also be futile. Under 18 U.S.C. § 1964(c), in pertinent part, "any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court[.]" Section 1962, in turn, prohibits certain activities arising from patterns of racketeering activity or collection of unlawful debt. Unlawful debt is defined to mean debt incurred in gambling activity or the business of lending at a usurious rate. *See* 18 U.S.C. § 1961. There are no alleged allegations that the Credit Union was involved in collection of unlawful debt. Racketeering activity is also defined in 18 U.S.C. § 1981 as a list of things like acts or threats involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing with obscene matter, or dealing in a controlled substance or listed chemical, and so on. A "pattern of racketeering activity" requires at least two acts of racketeering activity. *Id.*

The gravamen of Plaintiff's complaint is that he was denied his request to open a checking account at the Credit Union because he did not show sufficient proof of identification and residence. Plaintiff, in his proposed second amended complaint, proposes to add a slew of allegations allegedly relating to the Credit Union's alleged Diversity, Equity and Inclusion initiatives. Plaintiff has not plausibly alleged patterns of racketeering activity by the Credit Union, nor any injury by reason of prohibited activities under Section 1962.

### F. Plaintiff Cannot Allege Any Regulations Applicable to Credit Unions That Would Prevent His First Claim for Relief from Being Dismissed.

Plaintiff states in his Motion to Amend that he seeks to "clarify the regulations that apply to credit unions rather than banks[.]" *See* Motion to Amend, p. 1 (Dkt. No. 30 at 1). Plaintiff has not specified in his Motion to Amend what regulations he seeks to clarify. However, regardless of what regulations he is referring to, there is no private right of action under the Bank Secrecy Act, the USA PATRIOT Act, or **any** regulation passed in accordance therewith. *See* Defendants' Motion to Dismiss, p. 5–8 (Dkt. No. 27 at 5–8). Therefore, Plaintiff cannot prevent his claim arising from customer identification program requirements from being dismissed by "clarifying" any regulations.

Moreover, Plaintiff's proposed amended "Claim 1" acknowledges in the pleading that there is no private right of enforcement under the statute and regulations he has cited. (See Dkt. No. 35 at 5.)

### G. Plaintiff's Proposed Promissory Estoppel/False Advertising Claim (Claim 12) Would Be Futile.

Plaintiff's proposed amended state law claims are largely the same as his currently pled claims. However, Plaintiff also proposes to add a claim for "promissory estoppel/false advertising" based on allegations that the Credit Union "failed to live up to its promises" regarding its Diversity Equity and Inclusion policies and that the Credit Union did not "actually practice the promises of 'inclusion' nor 'open membership', and that these were materially false advertisements" because the "inclusion that the company advertises, is only limited to individuals who are not white." (Dkt. No. 35 at 14.)

However, Plaintiff's proposed amendments do not state a claim for promissory estoppel or "false advertising." "The elements of promissory estoppel are '(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in

position[.]'" *Tadros v. Wilmington Trust, National Association as Trustee to Citibank, N.A.*, No. 3:17-cv-01623-AA, 2018 WL 5298144, at *4 (D. Or. Oct. 25, 2018) (*quoting Rick Franklin Corp. v. State ex rel. Dept. of Transp.*, 207 Or. App. 183, 190, 140 P.3d 1136, 1140 (2006)). "Under Oregon law, 'any promise that serves as the basis of the [claim] must be as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration.'" *Id.* (*quoting Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009)).

Plaintiff's proposed second amended complaint does not sufficiently allege any of the elements of promissory estoppel. Plaintiff has not identified any specific promise that is the basis of his proposed claim; while Plaintiff references a footnote containing a Web link to a Credit Union Website page that contains a lot of general information, Plaintiff has not identified any promise therein as the basis of his proposed claim. Additionally, Plaintiff has not identified any reliance on any such promise, nor any substantial change in his position resulting from any such reliance.

Plaintiff has also inserted an alleged quote from an alleged Website link that does not appear to work. (Dkt. No. 35 at 14.) The allegedly quoted material states, in pertinent part, that the Credit Union "firmly believes the cooperative movement will benefit from adding an additional principle that centers diversity, equity, and inclusion among the core values of co-ops." *Id.* This alleged statement does not promise anything and does not advertise anything.

Plaintiff has not alleged any specific advertisement that he alleges constitutes "false advertising" or what law he seeks to bring his alleged "false advertising" claim under. In short, Plaintiff's proposed second amended complaint fails to state a claim for promissory estoppel/false advertising.

/ / /

/ / /

/ / /

Page 8 -   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

P:\DOCS\UCCU\27129\PLDG\41V3015.DOC

## IV. Conclusion.

For the foregoing reasons, Plaintiff's Amended Complaint (Dkt. No. 11) should be dismissed, without leave for Plaintiff to file a further amended complaint.

DATED: November 22, 2022.        FARLEIGH WADA WITT

By: *Trish A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,509 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 22nd day of November, 2022.

FARLEIGH WADA WITT

By: *Trish A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Benjamin Jay Barber
10043 SE 32nd Avenue
Milwaukie, OR 97222

Plaintiff *pro se*

FARLEIGH WADA WITT

By: _____
Trish A. Walsh, OSB #101604
Attorneys for Defendants
121 SW Morrison St., Suite 600
Portland, Oregon 97204
(503) 228-6044
twalsh@fwwlaw.com