Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN JAY BARBER,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITUS COMMUNITY CREDIT UNION, REBECCA RICH, and JOHN DOE,<br><br>                    Defendants. | Case No.   3:22-cv-00134-MO<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE |

Defendants Unitus Community Credit Union ("Unitus" or "Credit Union") and Rebecca Rich ("Rich") (collectively, "Defendants") submit the following response to plaintiff Benjamin Jay Barber's ("Barber" or "Plaintiff") Motion for a Show Cause Order (Dkt. No. 37).

**I.        Introduction.**

On or about January 25, 2022, Barber, *pro se*, filed his initial Complaint in this matter. On or about June 27, 2022, Barber filed an Amended Complaint (Dkt. No. 11) on behalf of himself (and purports to seek to represent a class action) against the Credit Union and one of its branch managers (and an unnamed teller) based on allegations that he was not allowed to open a new checking account at the Credit Union in order to deposit a class action settlement distribution check because he did not present sufficient identification and proof of residence.

However, Plaintiffs' Amended Complaint fails to allege sufficient factual allegations to state a claim upon which relief may be granted against Defendants. Accordingly, on October 12, 2022, Defendants timely filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), which is currently pending. (Dkt. No. 27.)

Plaintiff subsequently filed a Motion to Amend (Dkt. No. 30), to which Defendants responded. (Dkt. No. 32.)

Plaintiff has now filed a Motion for a Show Cause Order (Dkt. No. 37), asking that the Court order the Credit Union to "assist with carrying out . . . orders and judgments" from the case *Great Northern Resources v. Coba*, Case No. 3:20-cv-01866-IM, pursuant to which Plaintiff alleges he received a class action settlement check. However, there is no order or judgment in that case relating in any way to Unitus, which was not a party to that case.

Specifically, in Plaintiff's Motion for a Show Cause Order (Dkt. No. 37), Plaintiff appears to be asking that the Court order Unitus to allow Plaintiff to open a bank account so that he can deposit a class action settlement check (that he purports to also need assistance in having issued through the settlement administrator in the *Great Northern Resources* case).

However, Plaintiff is not entitled to a show cause order, as discussed in more detail below.

## II.    Legal Argument.

### A.    Legal Standard.

Plaintiff cites 28 U.S.C. § 1651 as the legal basis of his Motion for a Show Cause Order. That statute provides, in pertinent part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

"The All Writs Act, 28 U.S.C. § 1651(a), codifies the courts' inherent authority to 'fashion appropriate modes of procedure' necessary to the exercise of the judicial function . . . [.]" *Perez v. Barr*, 957 F.3d 958, 967 (9th Cir. 2020) (*quoting Harris v. Nelson*, 394 U.S. 286,

299, 89 S.Ct. 1082 (1969)). "However, the Act requires that those 'modes of procedure' be 'agreeable to the usages and principles of law.'" *Id.* (*quoting* 28 U.S.C. § 1651(a)). "Moreover, the Act 'cannot enlarge a court's jurisdiction.'" *Id.* (*quoting Clinton v. Goldsmith*, 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) (*quoting* 19 J. Moore & G. Pratt, Moore's Federal Practice § 204.02[4] (3d ed. 1998))).

"Rather, the All Writs Act 'is a residual source of authority to issue writs that are not otherwise covered by statute. When a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id.* (*quoting Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)). "Thus, although the All Writs Act 'empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.'" *Id.*

For example, in *Perez*, in the context of an immigration appeal, the Ninth Circuit denied a Mexican citizen's request for an order directing the U.S. government to compensate appointed pro bono counsel for her services because petitioner and his amici curiae identified no authority allowing the Court to do so.

Here, Plaintiff is not entitled to an "extraordinary remedy" of a writ—nor any type of order to show cause.

### B.   Plaintiff Is Not Entitled to an Order to Show Cause.

Plaintiff is not entitled to an Order to Show Cause under the All Writs Act or any other authority. Plaintiff has filed a series of defective complaints, and Defendants have followed the procedures under Fed. R. Civ. P. 12 to request that the Court dismiss his Amended Complaint and to deny Plaintiff's request to amend his Amended Complaint due to futility. Defendant's Motion to Dismiss is currently pending.

There is no authority or basis by which the Court could order Unitus to allow Plaintiff to open a checking account at this time, nor could Unitus assist Plaintiff in obtaining a

payment issued from the settlement administrator of a case it was not involved in.

Additionally, by Plaintiff's own allegations in his operative Amended Complaint, Unitus told him the reasons why the proffered identification documents were not sufficient to open a new account when he attempted to do so on or about December 21, 2021: the teller told him that his identification was too new, he did not have a utility bill or other proof of residence, and the other documents he presented (Coinbase and Paypal cards) were not sufficient proof of identification. See Am. Compl., p. 1 (Dkt. No. 11 at 1). Plaintiff alleges that he then threatened to sue Defendants (see *id.*), and, in fact, Plaintiff thereafter did sue Defendants on or about January 25, 2022.

Unitus' Membership and Account Agreement allows Unitus to deny services to a person for any reason allowed by applicable law, including due to the person causing a loss to the Credit Union. Plaintiff has caused a loss to the Credit Union by suing it and requiring it to expend resources responding to his many frivolous filings.

In any event, in considering Defendants' Motion to Dismiss, the Court only considers the face of the pleadings. Plaintiff is not entitled to an order requiring Defendants to present any evidence at this stage.

### III. Conclusion.

For the foregoing reasons, Plaintiff's Motion for a Show Cause Order (Dkt. No. 37) should be denied.

DATED: December 12, 2022.                    FARLEIGH WADA WITT


By: */s/ Trish A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus
Community Credit Union and Rebecca
Rich

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1,059 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 12th day of December, 2022.

FARLEIGH WADA WITT

By: /s/ Trish A. Walsh
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Benjamin Jay Barber
10043 SE 32nd Avenue
Milwaukie, OR  97222

Plaintiff *pro se*

FARLEIGH WADA WITT

By: _____
Trish A. Walsh, OSB #101604
Attorneys for Defendants
121 SW Morrison St., Suite 600
Portland, Oregon 97204
(503) 228-6044
twalsh@fwwlaw.com