Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN JAY BARBER,<br><br>                       Plaintiff,<br><br>v.<br><br>UNITUS COMMUNITY CREDIT UNION, REBECCA RICH, and JOHN DOE,<br><br>                       Defendants. | Case No. 3:22-cv-00134-MO<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT |

Defendants Unitus Community Credit Union ("Unitus" or "Credit Union") and Rebecca Rich ("Rich") (collectively, "Defendants") submit the following response to plaintiff Benjamin Jay Barber's ("Barber" or "Plaintiff") Second Motion to Amend the Complaint (Dkt. No. 39).

**I.     Introduction.**

On or about January 25, 2022, Barber, *pro se*, filed his initial Complaint in this matter. On or about June 27, 2022, Barber filed an Amended Complaint on behalf of himself (and purports to seek to represent a class action) against the Credit Union and one of its branch managers (and an unnamed teller) based on allegations that he was not allowed to open a new checking account at the Credit Union in order to deposit a class action settlement distribution

check because he did not present sufficient identification and proof of residence.

However, Plaintiffs' Amended Complaint fails to allege sufficient factual allegations to state a claim upon which relief may be granted against Defendants. Accordingly, on October 12, 2022, Defendants timely filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), which is currently pending. (Dkt. No. 27.)

Plaintiff then filed a Motion to Amend, stating that he had "spent some additional time doing research as to both the law and the legal practices" of the Credit Union. Motion to Amend, p. 1 (Dkt. No. 30 at 1). However, Plaintiff's Motion to Amend only demonstrated the futility of his proposed amendments. Therefore, on November 7, 2022, Defendants filed a Response to Plaintiff's Motion to Amend Complaint (Dkt. No. 32), opposing Plaintiff's Motion to Amend. Thereafter, Plaintiff filed a proposed second Amended Complaint (Dkt. No. 35). On or about November 22, 2022, Defendants timely filed a Reply to Plaintiff's Response to the Motion to Dismiss (Dkt. No. 36), addressing further reasons why his newly filed proposed second Amended Complaint would be futile.

Subsequently, Plaintiff has continued to file motions, including a Motion for Order to Show Cause (Dkt. No. 37), to which Defendant has responded (Dkt. No. 40), and the instant Second Motion to Amend the Complaint (Dkt. No. 39).

However, Plaintiff's Second Motion to Amend the Complaint (Dkt. No. 39) should be denied for the same reasons identified by Defendants in their Response to Plaintiff's Motion to Amend Complaint (Dkt. No. 32) and their Reply to Plaintiff's Response to Motion to Dismiss (Dkt. No. 36), because Plaintiff's new motion does not materially change the proposed claims in his proposed Second Amended Complaint (Dkt. No. 35). The proposed claim(s) and allegations that Plaintiff seeks to add would be futile.

/ / /

/ / /

/ / /

## II. Legal Argument.

### A. Motion to Amend Standard.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "A district court, however, may, within its discretion, deny a motion to amend 'due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 4466881, at *2 (D. Or. Sept. 26, 2022) (*quoting Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation omitted)).

"Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal." *Id.* (*citing Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* (*quoting Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"). "The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" *Id.* (*citing Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019)).

### B. Plaintiff's Proposed Additional Allegations Identified In His Motion Would Not State a Claim Against Defendants.

In his Second Motion to Amend the Complaint (Dkt. No. 39), Plaintiff states that he seeks to: (1) add "[n]ewly discovered evidence" regarding a conference allegedly attended by the CEO of the Credit Union, (2) change a hyperlink to a Credit Union webpage in two

footnotes, and (3) add a reference to 12 CFR Appendix A to Part 749-Record Retention Guidelines.

However, none of those proposed amendments would resolve the defects in Plaintiff's operative Amended Complaint and would not save his proposed Second Amended Complaint from futility.

First, the alleged evidence of the Credit Union's CEO's attendance at an NCUA Access conference in November 2022, nearly a year after Plaintiff alleges that he was denied his request to open a checking account on or about December 21, 2021, cannot plausibly assist Plaintiff in stating a claim against Defendants.

Second, the hyperlinks that Plaintiff seeks in his motion to replace, allegedly "in the footnote 20 and 22" are not actually replaced in the corresponding footnotes of his proposed Second Amended Complaint (see Dkt. No. 39-1 at 11, n. 20; Dkt. No. 39-1 at 12, n. 22). To the extent that Plaintiff replaced the hyperlink instead in footnote 23, part of Plaintiff's proposed claim for "promissory estoppel/false advertising," the replacement footnote does not assist him in stating a claim. (See Dkt. No. 39-1 at 15, n. 23.) Plaintiff proposes to allege that the Credit Union "either failed to live up to its promises, with regards to failure to comply with their own Diversity Equity and Inclusion policies, and did not actually practice the promises of 'inclusion' nor 'open membership,' and that these were materially false advertisements." (See Dkt. No. 39-1 at 15.)

However, as set forth in Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff's proposed amendments do not state a claim for promissory estoppel or "false advertising." "The elements of promissory estoppel are '(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position[.]'" *Tadros v. Wilmington Trust, National Association as Trustee to Citibank, N.A.*, No. 3:17-cv-01623-AA, 2018 WL 5298144, at *4 (D. Or. Oct. 25, 2018) (*quoting Rick Franklin Corp. v.*

*State ex rel. Dept. of Transp.*, 207 Or. App. 183, 190, 140 P.3d 1136, 1140 (2006)). "Under Oregon law, 'any promise that serves as the basis of the [claim] must be as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration.'" *Id.* (*quoting Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009)).

Plaintiff's new proposed amended complaint does not sufficiently allege any of the elements of promissory estoppel. Plaintiff has not identified any specific promise that is the basis of his proposed claim; while Plaintiff references a footnote containing a Web link to a Credit Union Website page that contains some general information, Plaintiff has not identified any promise therein as the basis of his proposed claim. Additionally, Plaintiff has not identified any reliance on any such promise, nor any substantial change in his position resulting from any such reliance. Plaintiff has not alleged any specific advertisement that he alleges constitutes "false advertising" or what law he seeks to bring his alleged "false advertising" claim under.

Third, the proposed reference to 12 CFR Appendix A to Part 749-Record Retention Guidelines would not assist Plaintiff in stating a claim against Defendants. The referenced Appendix A provides, in pertinent part: "Credit unions often look to NCUA for guidance on the appropriate length of time to retain various types of operational records. NCUA does not regulate in this area, but as an aid to credit unions it is publishing this appendix of suggested guidelines for record retention." *See* 66 FR 40579, Aug. 3, 2001, *as amended at* 74 FR 35769, July 21, 2009. The Appendix does not mandate any action by the Credit Union, and there is no private right of action to enforce anything in the Appendix.

**C.    The Other Proposed Amendments, Which Are Not Materially Different From Plaintiff's Prior Proposed Amendments, Would Be Futile.**

For all of the reasons discussed in Defendants' Motion to Dismiss (Dkt. No. 27), Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. No. 36), and Defendants' Response to Plaintiff's Motion to Amend Complaint (Dkt. No. 32), Plaintiff's

proposed amendments would be futile.

## III. Conclusion.

For the foregoing reasons, Plaintiff's Second Motion to Amend the Complaint (Dkt. No. 39) should be denied.

DATED: December 12, 2022.                    FARLEIGH WADA WITT

By: *T.A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1500 words, including headings, footnotes, and quotations, but excluding the caption, any table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 12th day of December, 2022.

FARLEIGH WADA WITT

By: *T.A. Walsh*
Trish A. Walsh, OSB #101604
twalsh@fwwlaw.com
(503) 228-6044

Attorneys for Defendants Unitus Community Credit Union and Rebecca Rich

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Benjamin Jay Barber
10043 SE 32nd Avenue
Milwaukie, OR  97222

Plaintiff *pro se*

FARLEIGH WADA WITT

By: *Trish A. Walsh*
Trish A. Walsh, OSB #101604
Attorneys for Defendants
121 SW Morrison St., Suite 600
Portland, Oregon 97204
(503) 228-6044
twalsh@fwwlaw.com