IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BENJAMIN JAY BARBER,**

        Plaintiff,

   v.

**UNITUS COMMUNITY CREDIT UNION et al.,**

        Defendants.

No. 3:22-cv-00134-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Benjamin Jay Barber brings this action *pro se* against Unitus Community Credit Union and several other Defendants. First Amended Complaint ("FAC") [ECF 11]. Defendants moved to dismiss. Mot. to Dismiss ("MTD") [ECF 27]. Plaintiff responded. Plaintiff also moved for appointment of pro bono counsel, for an order to show cause, and twice for leave to amend his complaint again. Mots. for Appointment of Pro Bono Counsel [ECF 34], for Order to Show Cause ("OSC") [ECF 37], for Leave to Amend Compl. [ECF 30, 39]. Defendants responded. For the following reasons, I GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Motions for Leave to Amend the complaint. I also DENY Plaintiff's Motions for Appointment of Counsel and for an Order to Show Cause. I DISMISS this case with prejudice.

1 – OPINION AND ORDER

## LEGAL STANDARD

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). An action must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Courts must construe *pro se* pleadings liberally and give plaintiff the benefit of the doubt. *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

"Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). But a district court may, in its discretion, deny leave to amend due to "undue delay" and the "failure to cure deficiencies by amendments previously allowed." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed . . . the district court's discretion to deny leave to amend is particularly broad." *Id.*

Plaintiff must demonstrate "exceptional circumstances" to justify the appointment of pro bono counsel in a civil suit. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## DISCUSSION

Plaintiff originally filed this case in January 2022. He did not pay the filing fee. After some back-and-forth, he received *in forma pauperis* ("IFP") status. He failed to serve Defendants for months and was subject to an order to show cause for failing to prosecute his action. The case was briefly dismissed, but after a motion for reconsideration, Plaintiff filed an amended complaint. He finally served Defendants in August 2022, eight months after his initial complaint. Defendants have moved to dismiss.

**1. Motion to Dismiss**

Although Plaintiff's numerous claims are a bit difficult to decipher, no reading of any of them states a claim upon which relief can be granted. I therefore grant Defendants' Motion to Dismiss. I take each claim in turn below.

**A. Federal Bank Secrecy Act ("BSA") Claim**

What Plaintiff has labeled as Claim 1 is a purported claim under 31 CFR § 1020.220(a)(5), regulations derived from the BSA. But as Plaintiff correctly contends in his own complaint, there is no private right of action under the BSA or its related regulations. *See Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, No. 19-CV-02778-TSH, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) (collecting cases). So this claim must be dismissed.

**B. Federal Equal Credit Opportunity Act ("ECOA") and State False Credit Claims**

Plaintiff also attempts to bring a claim under ECOA statutes and regulations. 15 U.S.C. § 1691e(b); 12 C.F.R. § 1002.16. However, the facts Plaintiff alleges do not implicate ECOA because Plaintiff does not allege that he sought a line of credit. Instead, he allegedly wanted to open a checking account. FAC ¶ 1. As such, Plaintiff is not an "applicant" within ECOA's statutory definition, *see* 15 U.S.C. § 1691a(b), and his claim fails. For the same reason, Plaintiff's

claim under ORS § 646.608(1)(k) also fails. Defendants did not "make false or misleading representations concerning credit availability" because no credit was sought. ORS § 646.608(1)(k).

### C. Federal Civil Rights Act ("Title II") and State Public Accommodations Claims

Although not listed as a separate claim, Plaintiff also cites to Title II of the Civil Rights Act, 42 U.S.C. § 2000a. Title II prohibits discrimination in places of public accommodation. Courts have consistently found that banks are not places of public accommodation. *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) (collecting cases). Plaintiff therefore has no cause of action under Title II. Plaintiff's claim under ORS § 659A.403 similarly fails because Plaintiff has not included any facts in his complaint describing his race, disability, or source of public assistance. He cannot state a claim for relief based on discrimination because of these characteristics if he does not identify them in his complaint.

### D. State Real ID Discrimination Claim

Plaintiff also says he was discriminated against because he did not have a Real ID, in violation of ORS § 659A.343. But this statute only applies to employment discrimination, and Plaintiff does not allege he sought employment. *See, e.g.*, ORS §§ 659A.300–659A.362 (showing that the statutory section that includes ORS § 659A.343 is entitled "Miscellaneous Unlawful Employment Discrimination"). This claim thus also fails as a matter of law.

### E. State Unconscionable Trade Tactic Claim

According to Plaintiff, Defendants engaged in an unconscionable trade tactic in violation of ORS § 646.607(1) when they did not open an account for him. ORS § 646.605(9) provides a definition of such tactics as well as examples. Although the definition says that it "includes, but

is not limited to" the listed examples, it is clear from the examples that unconscionable trade tactics require an allegedly offending business to trick customers in some way such that the customers "enter into a transaction" with the offending business. *See, e.g., id.* § 646.605(9)(b), (c). Here, there are no allegations that Defendants entered into a transaction with Plaintiff. As such, this claim cannot succeed.

### F. State Attorney General Proscribed Unfair Trade Practice Claim

Plaintiff also brings a claim under ORS § 646.608(1)(u), which forbids "any other unfair or deceptive conduct in trade or commerce." But an action cannot be brought under (1)(u) "unless the Attorney General has first established a rule . . . declaring the conduct to be unfair or deceptive." ORS § 646.608(4). Plaintiff does not allege the existence of any such rule. So this claim must be dismissed.

### G. State Abnormal Market Disruption Claim

Next, Plaintiff alleges a violation of ORS § 401.965(2). He contends that the COVID-19 pandemic caused an abnormal market disruption and that Defendants are "selling or offering to sell essential consumer goods or services for an amount that represents an unconscionably excessive price." *See* ORS § 401.965(2). But nowhere in the complaint does he make any claims about price-gauging or that Defendants tried to charge him any amount of money to open an account. Again, Plaintiff fails to state a claim upon which relief can be granted.

### H. State Foreign Government Trade Discrimination Claim

ORS § 30.860(1) prohibits discriminating against someone who has been sanctioned by a foreign government because of that person's race or other characteristics. Plaintiff brings a claim under this statute but fails to allege the existence of any foreign government sanction against him. This claim therefore cannot succeed.

5 – OPINION AND ORDER

### I. State Purchaser Discrimination Claim

Another claim that Plaintiff brings is under ORS § 646.080. However, this statute only prohibits discrimination "in favor of one purchaser against another purchaser" in the context of "b[uying] for resale." Plaintiff has not alleged he is a purchaser nor that he was buying anything for resale. As such, his purchaser discrimination claim fails as a matter of law.

### J. State Interference with Business Relationship Claim

Plaintiff's last claim is that Defendants negligently or intentionally interfered with his economic relationships. No Oregon authority appears to recognize negligent interference of this type, but stating a claim for intentional interference requires six elements. A plaintiff must allege (1) the existence of a professional or business relationship, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535 (1995).

Plaintiff's claim fails because he does not allege a professional or business relationship with the court appointed settlement administrator and does not allege interference to any relationship with Coinbase because of Defendants' alleged actions. Plaintiff fails to allege that he had an ongoing business relationship with the settlement administrator. He alleges he received one check once; that is all. And Plaintiff does not in any way describe how his relationship with Coinbase—allegedly the provider of his Visa card—was interfered with by Defendants' refusal to open a checking account. Plaintiff again fails to state a claim upon which relief can be granted.

## 2. Motions for Leave to Amend

Plaintiff also moved twice for leave to amend his complaint. As described above, he has already amended his complaint once and still failed to state any claims, among nearly a dozen,

upon which relief may be granted. Since Plaintiff has already had an opportunity to amend prior to dismissal, I am not required to allow another opportunity. Furthermore, I find that Plaintiff has caused serious delays to this action by his failure to prosecute it and the eight months it took to finally serve Defendants. Because of Plaintiff's undue delay and failure to cure deficiencies by amendments previously allowed, I deny Plaintiff leave to amend his complaint. *Zucco Partners*, 552 F.3d at 1007.

### 3. Motions for Appointment of Counsel and for an Order to Show Cause

Given my findings above, Plaintiff has not demonstrated "exceptional circumstances" to justify the appointment of pro bono counsel, and I deny his Motion for Appointment of Counsel. *Palmer*, 560 F.3d at 970. Similarly, Plaintiff's Motion for an Order to Show Cause is meritless, and I deny it as well.

### CONCLUSION

For the following reasons, I GRANT Defendants' Motion to Dismiss [ECF 27] and DENY Plaintiff's Motions for Leave to Amend the Complaint [ECF 30, 39]. I also DENY Plaintiff's Motion for Appointment of Counsel [ECF 34] and Motion for an Order to Show Cause [ECF 37]. I DISMISS this case with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this 3d day of January, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

7 – OPINION AND ORDER