**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN BARBER,  Plaintiff-Appellant,  v.  UNITUS COMMUNITY CREDIT UNION; REBECCA RICH, In her official capacity as branch manager for Unitus; JOHN DOE, In his official capacity as bank teller for Unitus,  Defendants-Appellees. | No. 23-35062  D.C. No. 3:22-cv-00134-MO  MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 29, 2024**

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Benjamin Barber appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims concerning Barber's attempt to open a checking account and deposit a check. We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).  We affirm.

The district court properly dismissed Barber's action because Barber failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).  Contrary to Barber's contentions, his allegations do not state a claim under any of the federal or state statutes he cites.  *See* 15 U.S.C. § 1691(a)(1) (prohibiting discrimination by a creditor under the Equal Credit Opportunity Act); Or. Rev. Stat. § 30.860 (prohibiting state foreign government trade discrimination); Or. Rev. Stat. § 659A.403 (prohibiting discrimination in places of public accommodation); Or. Rev. Stat. § 659A.343 (prohibiting discrimination against persons who use government-issued identification other than Real IDs).

The district court did not abuse its discretion in denying Barber further leave to amend his complaint because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion by denying Barber's motion for appointment of counsel because Barber failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirements for appointment of counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**